IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| AMANDA WARNER,[1] | § | |
| | § | No. 154, 2016 |
| Respondent Below, | § | |
| Appellant, | § | Court Below—Family Court of |
| | § | the State of Delaware in and for |
| v. | § | New Castle County |
| | § | |
| DEPARTMENT OF SERVICES | § | File No. CN15-04-12TN |
| FOR CHILDREN, YOUTH AND | § | Pet. No. CN13-03235 |
| THEIR FAMILIES (DSCYF), | § | |
| | § | |
| Petitioner Below, | § | |
| Appellee. | § | |

Submitted: August 24, 2016
Decided: October 25, 2016

Before **HOLLAND**, **VALIHURA** and **VAUGHN**, Justices.

**O R D E R**

This 25th day of October 2016, it appears to the Court that:

(1) The appellant, Amanda Warner ("Mother"), has appealed the Family Court's order dated February 26, 2016, terminating her parental rights in her two children (collectively, the "Children").[2] Mother's counsel has filed a no-merit brief and a motion to withdraw under Supreme Court Rule 26.1(c). Counsel asserts that he has made a conscientious review of the

---

[1] By Order dated March 28, 2016, the Court assigned a pseudonym to the appellant. Del. Supr. Ct. R. 7(d).

[2] The Family Court also terminated the parental rights of the Children's father.

record and the law and can find no arguable grounds for appeal. Mother has not submitted any issues for the Court's consideration. In response to Counsel's submission, the appellee, the Division of Family Services ("DFS"), has moved to affirm the Family Court's judgment. The Children's Court Appointed Special Advocate has no objection to Counsel's motion to withdraw and joins in DFS' response.

(2) Termination of parental rights in Delaware is based on a two-step statutory analysis.[3] In the first step, the Family Court must determine whether there is clear and convincing evidence of a statutory basis for termination.[4] When the statutory basis for termination is an alleged failure to plan, as in this case, the court also must determine by clear and convincing evidence that there is proof of at least one of five additional statutory conditions[5] and that DFS "made *bona fide*, reasonable efforts to reunite the family."[6] In the second step of the analysis, if the court finds a statutory basis for termination, the court must determine whether there is

---

[3] 13 *Del. C.* § 1103(a). *Shepherd v. Clemens*, 752 A.2d 533, 537 (Del. 2000).

[4] § 1103(a).

[5] § 1103(a)(5).

[6] *Powell v. Dep't of Servs. for Children, Youth & Their Families*, 963 A.2d 724, 737 (Del. 2008) (quoting *Newton v. Div. of Family Serv.*, 2006 WL 2852409, at *2 (Del. 2006) citing *In re Hanks*, 553 A.2d 1171, 1179 (Del. 1989))).

2

clear and convincing evidence that severing parental rights is in the best interest of the child.[7]

(3)   In this case, the Family Court granted the termination of parental rights petition after concluding there was clear and convincing evidence of Mother's failure to plan.   In a thorough and well-reasoned decision, the court found that Mother had not completed any of the requirements of her case plan despite DFS' efforts for reunification, and that the Children had been in the custody of DFS for over one year.   After considering the best interest factors under 13 *Del. C.* § 722, the court made factual findings and concluded that there was clear and convincing evidence that severing Mother's parental rights was in the best interests of the Children.   This appeal followed.

(4)   This Court's review of a decision to terminate parental rights requires consideration of the facts and the law as well as the inferences and deductions made by the Family Court.[8]   To the extent rulings of law are implicated, our review is *de novo*.[9]   To the extent issues implicate rulings of fact, we conduct a limited review of the factual findings of the Family Court

---

[7] *See* 13 *Del. C.* § 722(a)(1)-(8) (listing best interest factors). *Powell v. Dep't of Servs. for Children, Youth & Their Families*, 963 A.2d 724, 731 (Del. 2008).

[8] *Wilson v. Div. of Family Serv.*, 988 A.2d 435, 439-40 (Del. 2010) (citing cases).

[9] *Id*. at 440.

to assure they are sufficiently supported by the record and are not clearly wrong.[10] This Court will not disturb inferences and deductions that are supported by the record and the product of an orderly and logical deductive process.[11] If the Family Court has correctly applied the law, our review is limited to abuse of discretion.[12]

(5) Having carefully considered the parties' submissions on appeal and the Family Court record, the Court concludes there is clear and convincing evidence supporting the Family Court's termination of Mother's parental rights. This Court can discern no abuse of discretion in the Family Court's factual findings and no error in the court's decision to terminate Mother's rights. There is ample evidence in the record supporting termination on the statutory basis that Mother failed to plan for the Children's physical needs or mental and emotional health and development. Also, there is ample record evidence that it was in the Children's best interests to terminate Mother's parental rights. The Family Court thoroughly considered the best interest factors and was guided by the factual findings it made as to each. We are satisfied that Counsel made a conscientious effort

---

[10] *Id.*

[11] *Id.*

[12] *Id.*

to examine the record and the law and properly determined that Mother could not raise a meritorious claim on appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.  Counsel's motion to withdraw is moot.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice